No. 307.—SUCCESSION of E. S. VIRGIN—Final account of ROSENFIELD, Curator—Opposition of E. M. WILSON, Tutor.

A married woman whose husband is still living is prohibited from contracting a second marriage with another man, and if the man who contracts the second marriage with her has knowledge of the first marriage and that the first husband is still alive, then the second marriage is a nullity, and the children born of such marriage are illegitimate and can not inherit from either party.

APPEAL from the Parish Court, parish of Franklin. *Van Thomas,* Parish Judge. *W. W. Campbell,* for administrator, appellant. *Morse & Crawford,* for opponents.

LUDELING, C. J. This is an appeal from a judgment sustaining the tutor's opposition to the curator's account, and recognizing the minor's right to one thousand dollars, under the act of seventeenth of March, 1852.

The question presented for decision is, whether or not the minors are the legitimate children of the deceased? The evidence shows that their parents went from Louisiana to Arkansas to get married; that they immediately afterwards returned to Louisiana, where they resided until both died. That Mrs. Virgin, at the time of her marriage with E. S. Virgin, had a living husband, and that E. S. Virgin knew this fact. The second marriage was therefore a nullity. Art. 93 C. C.

And neither one of the parties being in good faith, the marriage produced no civil effects in favor of the children born of the marriage. C. C. Art. 118, 198.

It is therefore ordered and adjudged that the judgment of the lower court be annulled, that the tutor's opposition be dismissed, and that the account of the curator be homologated. It is further ordered that the appellant pay the costs of appeal.

### ON APPLICATION FOR REHEARING.

In this case our attention having been called to the fact that the appellant was decreed to pay the costs when the judgment appealed from was reversed, we do now order the decree to be amended so as to make appellee pay the costs according to law.